IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EPIFANIO AND IRMA N. GOMEZ<br>Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO._____<br>JURY DEMANDED |
| SUSSEX INSURANCE COMPANY,<br>PALOMAR SPECIALITY<br>INSURANCE COMPANY AND<br>WELLINGTON INSURANCE<br>COMPANY | §<br>§<br>§<br>§ | |
| Defendants | | |

### DEFENDANTS SUSSEX INSURANCE COMPANY AND PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants, Sussex Insurance Company and Palomar Specialty Insurance Company, in Cause No. CL-16-2428-A pending in the County Court at Law No. 1 of Hidalgo County, Texas, file this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully show:

**I.**

**FACTUAL BACKGROUND**

1.1  On or about June 13, 2016, Plaintiffs filed their Original Petition in the matter styled *Epifanio and Irma N. Gomez v Sussex Insurance Company, Palomar Specialty Insurance Company and Wellington Insurance*, in the County Court at Law No.

1

1 of Hidalgo County, Texas, in which Plaintiffs made claims for damages to their home under separate homeowner's insurance policies.

1.2    Plaintiffs assert a claim against Wellington Insurance Company (hereinafter "Wellington"), a party without any connection to the cause of action.

1.3    Plaintiffs served Sussex Insurance Company (hereinafter "Sussex") with process and Plaintiffs' Original Petition on June 13, 2016.

1.4    Plaintiffs' Original Petition states that their property sustained storm damages and Sussex insured the property at the time of the loss. *See* Plaintiffs' Original Petition at §I, ¶¶ 11, 12.

1.5    Plaintiffs served Palomar Specialty Insurance Company (hereinafter "Palomar") with process and Plaintiffs' Original Petition on June 13, 2016.

1.6    Plaintiffs' Original Petition states that their property sustained a water leak and Palomar insured the property at the time of the loss. *See* Plaintiffs' Original Petition at §II, ¶¶ 33, 34.

1.7  Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B," which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel.  Attached hereto as Exhibit "D" is Wellington's consent to removal.  Attached hereto as Exhibit "E" is the Affidavit of Michael Ramirez.

## II.

## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

2.2     Plaintiffs are, and were at the time the lawsuit was filed, residents of the State of Texas.  *See* Plaintiffs' Original Petition, at §I, ¶ 10.

2.3     Defendant Sussex Insurance Company is incorporated as a South Carolina – domiciled insurance company, and has its principal place of business in South Carolina.  Accordingly, Sussex is not a citizen of Texas.

2.4     Defendant Palomar Specialty Insurance Company is incorporated as a Oregon – domiciled insurance company, and has its principal place of business in California.  Accordingly, Palomar is not a citizen of Texas.

2.5     Defendant Wellington Insurance Company, although not a proper party to this lawsuit, is a citizen of the State of Texas.

**A.     Defendant Wellington Insurance Company Has Been Improperly Joined in this Lawsuit**

2.6     Plaintiffs' petition alleges contractual and extra-contractual complaints against the three insurance defendants.  They initially allege that Wellington is "an insurance company conducting business in the State of Texas." (Plaintiffs' Original Petition, ¶ 5).  This allegation is true.  Plaintiffs further allege that the companies issuing the insurance policies in question were Sussex and Palomar.  (Plaintiffs' Original Petition, ¶¶ 9, 11).  Those allegations are true.  The remaining allegations against Wellington are false.

2.7     Plaintiffs allege that Sussex assigned Plaintiffs' hail claim investigation and adjustment to "the adjuster defendant and 'third party administrator'[sic],

3

WELLINGTON." (Plaintiffs' Original Petition, ¶ 15). It is also alleged that Wellington was "[a]t all pertinent times the agent of SUSSEX, through both actual and apparent authority." (Plaintiffs' Original Petition, ¶ 15). Throughout the petition the allegations that Wellington acted to investigate and adjust the Plaintiffs' claims are stated obliquely, e.g., "ADJUSTER DEFENDANT, WELLINGTON, underestimated Plaintiffs' damages to favor the INSURANCE DEFENDANT, SUSSEX." (Plaintiffs' Original Petition, ¶ 30). Similar allegations are made against Wellington in connection to Plaintiffs' assertions against Palomar in connection with Plaintiffs' water claims investigation and adjustment. (Plaintiffs' Original Petition, ¶¶ 37, 44, 49-52). All of these allegations are patently false; Wellington had no involvement with Plaintiffs or their claims.

2.8    Wellington submits that the Court should "pierce the pleadings" and consider undisputable facts outside Plaintiffs' Original Petition which establish that Wellington had no involvement in or relationship to Plaintiffs or their insurance claims. Wellington is a domestic insurance company. It is not a third-party administrator and does not provide third-party administrator services to any insurance companies. It is not an adjusting company. It does not provide adjusting services to any entities. Most importantly, Wellington did not at any time provide insurance to Plaintiffs and performed no investigation or adjustment services in connection with Plaintiffs' claims. All of Plaintiffs' allegations against Wellington are false and there is no possibility that they can establish liability against Wellington.

2.9    Attached to this Notice and incorporated herein by reference as Exhibit E is the Affidavit of Michael Ramirez. In Exhibit E, Mr. Ramirez avers that he is an authorized agent for Sussex, Palomar and Wellington, and he is familiar with both the organization

4

and structure of Wellington Insurance Company, Sussex Insurance Company and Palomar Specialty Insurance Company and, specifically, with the homeowners insurance coverage and claims of Plaintiffs in this matter. He clearly and unequivocally testifies that Wellington Insurance Company was not involved in any manner in the homeowners insurance policies issued to Plaintiffs or the investigation and adjusting of Plaintiffs claims made the basis of their lawsuit against these insurance defendants. Further, Wellington was not involved with any insurance coverage issued to Plaintiffs or the investigation and adjustment of any of Plaintiffs' insurance claims. (Exhibit B).

2.10   An in-state defendant in a state court lawsuit must be disregarded if that parties' joinder is improper or is fraudulent so that no possible cause of action has been or can be stated against that party. *See Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). The removing defendant has the burden of alleging and proving the in-state defendant's joinder was a sham or fraudulent. *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815-16 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993).

2.11   The doctrine of improper joinder directs a federal court when determining federal diversity jurisdiction to disregard the presence of parties not properly joined. 28 U.S.C.A. § 1441(b). This determination is made by focusing on whether: (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff can establish any cause of action against the in-state defendant in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Federal courts in determining fraudulent joinder questions consider whether there is any possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district

court to predict that the plaintiff might be able to recover against an in-state defendant. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

2.12  It is clear in the Fifth Circuit that, in deciding questions of improper joinder, courts may limit their consideration to a rule 12(b)(6)-type analysis of the pleadings or pierce the pleadings and conduct a summary judgment-type analysis to determine the propriety of joinder, especially in cases such as this where there is a "misstatement" or omission of discrete jurisdictional facts. *Smallwood*, 385 F.3d at 573; *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980). The Fifth Circuit has explained that:

> Our decisions subsequent to *B., Inc. [v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)] have consistently maintained that a district court may look to evidence outside of the pleadings in determining a fraudulent joinder claim. . . . Lest there remain even a shadow of a doubt as to this circuit's position, we reiterate-in hopes that further pronouncement will not be necessary-that in testing for fraudulent joinder the district court in its discretion may 'pierce the pleadings'. . . . [fraudulent joinder is established if the summary judgment type evidence demonstrates that] 'as a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court.'" *Id*. (footnote omitted).

*Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)(quoting *Burden v. General Dynamics Corp.*, 60 F.3d 216, 217 (5th Cir. 1995)). The summary judgment-type analysis requires that after all questions of fact and all ambiguities in the controlling state law are resolved in favor of the plaintiff, the court decides whether the plaintiff has any possibility of recovery against the party who joinder is questioned. *B., Inc.*, 663 F.2d at 551; *Carriere v. Sears, Robuck & Co.*, 893 F.2d 98, 100-01(5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990). If there is no reasonable possibility for predicting liability against the in-state defendant, improper joinder exists and the action is to remain in federal court.

6

*See Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308-09 (5th Cir. 2006); *Charla G. Aldous, P.C. v. Teresa Lugo*, 2014 WL 111682 at *8 (N.D. Tex. 2014).

2.13    Based on the authority cited above, Sussex and Palomar implore the Court to pierce Plaintiffs' pleading in this case and consider Exhibit E, which establishes as a matter of law that Wellington is not a proper party for there is no possibility that Plaintiffs' may recover against it.

2.14    Because Sussex Insurance Company and Palomar Specialty Insurance Company, as foreign defendants, are the only proper defendants in this action, there is complete diversity. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

**B.    Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

2.15    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.16    Here, Plaintiffs' claims are centered on the alleged failure to pay the full proceeds of Plaintiffs' policy necessary to make repairs to Plaintiffs' property. Plaintiffs' Original Petition alleges various causes of action for actual damages, penalty interest, additional costs, treble damages, exemplary damages, and attorney's fees. *See* Plaintiffs' Original Petition, ¶¶ 110-114. Plaintiffs' Original Petition states that "Plaintiffs' counsel

states that Plaintiffs seek monetary relief, the maximum which is $100,000 or less." (Plaintiff's Original Petition, "PRAYER"). Consequently, the Plaintiffs seek relief above the amount necessary to establish diversity jurisdiction.

2.17   Thus, Defendants Sussex and Palomar have met the requirements to remove this case to federal court. 28 U.S.C. §1332(a).

### III.

### **THE REMOVAL IS PROCEDURALLY CORRECT**

3.1   Defendants Sussex and Palomar were both first served with Plaintiffs' Original Petition and process on June 13, 2016. Defendants Sussex and Palomar file this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

3.2   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3   Pursuant to 28 U.S.C. §1446(d), promptly after Sussex and Palomar file this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

3.4   Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Sussex and Palomar file this Notice.

### IV.

### **CONCLUSION**

4.1   Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully

incorporated herein, Defendants Sussex Insurance Company and Palomar Specialty Insurance Company hereby remove this case to this Court for trial and determination.

By:   /s/ Mikell A. West
Mikell A. West
Attorney-in-charge
State Bar No. 24070832
Southern Dist. No. 1563058
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
mwest@gnqlawyers.com

**ATTORNEYS FOR DEFENDANTS SUSSEX INSURANCE COMPANY AND PALOMAR SPECIALTY INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (956) 618-0628
Fax: (956) 618-0670

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

## CERTIFICATE OF SERVICE

 I certify that on July 13, 2016, a copy of Defendants Sussex Insurance Company and Palomar Specialty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs, Epifanio and Irma N. Gomez

**Via CM/RRR #7012 2920 0001 5084 8647**
A. Andre Maldonado
Law Office of Andre Maldonado
209 East University Drive
Edinburg, Texas 78539

               /s/Mikell A. West
               Mikell A. West