COUNTY COURT AT LAW #1

# CASE SUMMARY

## CASE NO. CL-16-2428-A

**Epifanio Gomez, Irma N. Gomez**
**VS.**
**Sussex Insurance Company, Palomar Specialty Insurance Company, Wellington Insurance Company**

§ § § §

Location: **County Court at Law #1**
Judicial Officer: **Gonzalez, Rodolfo "Rudy"**
Filed on: **06/06/2016**

### CASE INFORMATION

Case Type: **Contract - Consumer/Commercial/Debt (OCA)**

| DATE | CASE ASSIGNMENT | |
|---|---|---|
| | **Current Case Assignment** | |
| | Case Number | CL-16-2428-A |
| | Court | County Court at Law #1 |
| | Date Assigned | 06/06/2016 |
| | Judicial Officer | Gonzalez, Rodolfo "Rudy" |

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Gomez, Epifanio** | **MALDONADO, A ANDRE** *Retained* 956-607-9484(W) |
| | **Gomez, Irma N.** | **MALDONADO, A ANDRE** *Retained* 956-607-9484(W) |
| **Defendant** | **Palomar Specialty Insurance Company** | |
| | **Sussex Insurance Company** | |
| | **Wellington Insurance Company** | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/07/2016 | Citation Issued (Fee) *CIATION ISSUED TO WELLINGTON INSURANCE* | |
| 06/07/2016 | Citation Issued (Fee) *CITATION ISSUED TO PALOMAR* | |
| 06/07/2016 | Citation Issued (Fee) *CITATION ISSUED TO SUSSEX* | |
| 06/06/2016 | Original Petition (OCA) *Plaintiff's Original Petition* | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Plaintiff** Gomez, Epifanio | |
| | Total Charges | 324.00 |
| | Total Payments and Credits | 324.00 |
| | **Balance Due as of 7/8/2016** | **0.00** |

EXHIBIT B

*Printed on 07/08/2016 at 10:27 AM*

COUNTY COURT AT LAW #1

CASE SUMMARY

CASE NO. CL-16-2428-A

PAGE 2 OF 2

*Printed on 07/08/2016 at 10:27 AM*

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

CL-16-2428-A

CAUSE NO.: ____________

| | | |
|---|---|---|
| **EPIFANIO and IRMA N. GOMEZ**<br>**Plaintiffs** | §<br>§<br>§ | **IN THE COUNTY COURT** |
| vs. | §<br>§<br>§ | **AT LAW NO. ______** |
| **SUSSEX INSURANCE COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY and WELLINGTON INSURANCE COMPANY**<br>**Defendants** | §<br>§<br>§<br>§<br>§ | **HIDALGO COUNTY, TEXAS** |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW EPIFANIO and IRMA N. GOMEZ ("Plaintiffs") and files this *Plaintiffs' Original Petition,* complaining of Defendant SUSSEX INSURANCE COMPANY (who will be referred to as "Sussex"), Defendant PALOMAR SPECIALTY INSURANCE COMPANY (who will be referred to as "Palomar") and Defendant WELLINGTON INSURANCE COMPANY (who will be referred to as "Wellington" or "Adjuster Defendant" or herein collectively as "Defendants") and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: [signature]
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

suit.

**PARTIES**

2. Plaintiffs Epifanio and Irma G. Gomez are residents of Hidalgo County, Texas.

3. Defendant Sussex Insurance Company is a foreign corporation, which at all times material is an insurance company conducting business in the State of Texas. Accordingly, this defendant may be served with citation serving its registered agent, CT Corporation System, by certified mail return receipt requested at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3140.

4. Defendant Palomar Specialty Insurance Company is a foreign corporation, which at all times material is an insurance company conducting business in the State of Texas. Accordingly, this defendant may be served with citation serving its registered agent, CT Corporation System, by certified mail return receipt requested at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3140.

5. Defendant Wellington Insurance Company is Texas corporation duly formed and existing under the laws of Texas, which at all times material is an insurance company conducting business in the State of Texas. Accordingly, this defendant may be served with citation serving its registered agent, Corporation Service Company, by certified mail return receipt requested at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**JURISDICTION**

6. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

COUNTY COURT * COUNTY OF HIDALGO, TEXAS *
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: Valeru
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

CL-16-2428-A

## VENUE

7. Venue is proper in Hidalgo County, Texas because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

8. Venue is proper in Hidalgo County because a substantial part of the events or omissions underlying Plaintiffs' claims occurred in Hidalgo County. *See* TEX. CIV. PRAC. & REM. CODE 15.002(c).

## FACTS

### I. SUSSEX INSURANCE COMPANY

9. Plaintiffs are the owners of a **Texas Homeowners' Insurance Policy** (hereinafter referred to as "the Policy"), which was issued by Sussex Insurance Company, formerly known as Companion Property and Casualty Insurance Company.

10. Plaintiffs own the insured property, which is specifically located at **607 East 4th Street, San Juan, Texas 78589** in Hidalgo County, Texas (hereinafter referred to as "the Property").

11. SUSSEX INSURANCE COMPANY is the company who owned the insurance policy, insuring the Property to Plaintiffs from November 11, 2013 until November 25, 2014.

12. On or about August 13, 2014, a hailstorm and/or windstorm struck Hidalgo County, Texas causing severe damage to homes and businesses throughout the San Juan, Texas and Alamo, Texas region, including Plaintiffs' Property. Plaintiffs' property sustained extensive roof damage during the storm. Plaintiffs' property also sustained substantial structural, exterior, and interior damage during the storm. Immediately after the storm, Plaintiffs filed a claim with its insurance company, SUSSEX INSURANCE COMPANY, for the damage to its property caused by the hail and/or windstorm.

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

13. Plaintiffs submitted a claim to SUSSEX against the Policy for roof damage and other damage the property sustained as a result of hailstorm and windstorm.

14. Plaintiffs asked that SUSSEX cover the cost of repairs to the property pursuant to the Policy.

15. As detailed in the paragraphs below, SUSSEX wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, SUSSEX under paid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under scoping and under evaluating the damages during its investigation. This investigation was assigned to adjuster defendant and "third party administrator", WELLINGTON, by SUSSEX. WELLINGTON was at all pertinent times the agent of SUSSEX, through both actual and apparent authority.

16. To date, SUSSEX continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to its Property.

17. Defendant SUSSEX failed to perform its contractual duties to adequately compensate Plaintiffs under the Terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy although due demand was made for proceeds to be paid in an amount sufficient to the policy limit and that all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. SUSSEX'S conduct constitutes a breach of the insurance contract between SUSSEX and Plaintiffs.

18. SUSSEX misrepresented to Plaintiffs that the amount of damage to the Property was covered under the Policy. Defendant SUSSEX'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

19. Defendant SUSSEX failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. SUSSEX'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendant SUSSEX failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, SUSSEX failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, SUSSEX did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant SUSSEX'S conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(3).

21. SUSSEX failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from SUSSEX. SUSSEX'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(4).

22. Defendant SUSSEX refused to fully compensate Plaintiffs, under the terms of the Policy, even though SUSSEX failed to conduct a reasonable investigation. Specifically, SUSSEX performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation by WELLINGTON of Plaintiffs' losses on the Property. SUSSEX'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a)(7).

23. Defendant SUSSEX failed to meet its obligations under the Texas Insurance Code

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: [signature]
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

Regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. SUSSEX'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE§542.055.

24. Defendant SUSSEX failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. SUSSEX'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE§542.056.

25. Defendant SUSSEX failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. SUSSEX'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiffs' claim was presented to Defendant SUSSEX, the liability of SUSSEX to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, SUSSEX has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. SUSSEX'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. SUSSEX knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28. As result of SUSSEX and WELLINGTON'S wrongful acts and omissions, Plaintiffs were

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: [signature]
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

29. Plaintiffs' experience is not an isolated case. The acts and omissions SUSSEX and WELLINGTON committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of SUSSEX and WELLINGTON with regard to handling these types of claims. SUSSEX and adjuster defendant, WELLINGTON'S entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

30. ADJUSTER DEFENDANT, WELLINGTON, underestimated Plaintiffs' damages to favor the INSURANCE DEFENDANT, SUSSEX.

## II. PALOMAR SPECIALTY INSURANCE

31. Plaintiffs are the owners of a **Texas Homeowners' Insurance Policy** (hereinafter referred to as "the Policy"), which was issued by Palomar Insurance Company.

32. Plaintiffs own the insured property, which is specifically located at **607 East 4th Street, San Juan, Texas 78589** in Hidalgo County, Texas.

33. PALOMAR SPECIALTY INSURANCE COMPANY is the company who presently owns the insurance policy on the property.

34. On or about November 25, 2015, Plaintiffs began to notice a water leak infiltrating underneath the exposed shower system in the master bathroom shower. The shower began showing clear evidence of severe mildew and the possible beginning of mold anomalies within the bath/shower walls and floor in the master bathroom. The migrating mold anomaly thereafter reached unto the kitchen wall, along the existing millwork. At closer inspection, the millwork also showed moisture and mildew build up.

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Valerie
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

35. After being advised by WELLINGTON that they would not proceed to investigate this claim on behalf of Defendant SUSSEX and would need to open up a new claim for this damage, Plaintiffs opened up a new claim with Defendant PALOMAR on March 7, 2016.

36. Plaintiffs asked that PALOMAR cover the cost of repairs to the property pursuant to the Policy.

37. As detailed in the paragraphs below, PALOMAR wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. This investigation was assigned to adjuster defendant or "third party administrator", WELLINGTON by PALOMAR. WELLINGTON was at all pertinent times the agent of PALOMAR, through both actual and apparent authority.

38. To date, PALOMAR continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

39. Defendant PALOMAR failed to perform its contractual duties to adequately compensate Plaintiffs under the Terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy although due demand was made for proceeds to be paid in an amount sufficient to the policy limit and that all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. PALOMAR'S conduct constitutes a breach of the insurance contract between PALOMAR and Plaintiff.

40. Defendant PALOMAR misrepresented to Plaintiffs that the amount of damage to the Property covered under the Policy. Defendant PALOMAR'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE

COUNTY COURT * COUNTY OF HIDALGO, TEXAS *
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Valeria
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

§541.060(a)( 1 ).

41. Defendant PALOMAR failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant PALOMAR'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

42. Defendant PALOMAR failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant PALOMAR failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant PALOMAR did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant PALOMAR'S conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(3).

43. Defendant PALOMAR failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant PALOMAR. Defendant PALOMAR'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(4).

44. Defendant PALOMAR refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant PALOMAR failed to conduct a reasonable investigation. Specifically, Defendant PALOMAR performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation by WELLINGTON of Plaintiffs' losses on the Property. Defendant PALOMAR'S conduct

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE.§541.060(a)(7).

45. Defendant PALOMAR failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant PALOMAR'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE§542.055.

46. Defendant PALOMAR failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information. Defendant PALOMAR'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE§542.056.

47. Defendant PALOMAR failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant PALOMAR'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

48. From and after the time Plaintiffs' claim was presented to Defendant PALOMAR, the liability of Defendant PALOMAR to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, PALOMAR has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant PALOMAR'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: [signature]
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

49. Defendants PALOMAR and WELLINGTON knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

50. As result of Defendants PALOMAR and WELLINGTON'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

51. Plaintiff's experience is not an isolated case. The acts and omissions PALOMAR and WELLINGTON committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of PALOMAR and WELLINGTON with regard to handling these types of claims. Insurance Defendant PALOMAR and Adjuster Defendant, WELLINGTON's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholders.

52. ADJUSTER DEFENDANT, WELLINGTON, underestimated Plaintiffs' damages to favor the INSURANCE DEFENDANT, PALOMAR.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST SUSSEX

53. Defendant SUSSEX is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### BREACH OF CONTRACT

54. Defendant SUSSEX'S conduct constitutes a breach of the insurance contract made between Defendant SUSSEX and Plaintiff.

55. Defendant SUSSEX'S failure and refusal, as described above, to pay the adequate

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

compensation as obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of SUSSEX'S insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**UNFAIR SETTLEMENT PRACTICES**

56. Defendant SUSSEX'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(A). All violations under this article are made actionable by TEX. INS. CODE §541.151.

57. Defendant SUSSEX'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

58. Defendant SUSSEX'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant SUSSEX'S liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

59. Defendant SUSSEX'S unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

60. Defendant SUSSEX'S unfair settlement practice, as described above, of failing within

COUNTY COURT * COUNTY OF HIDALGO, TEXAS *
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

CL-16-2428-A

a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(4).

61. Defendant SUSSEX'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

62. Defendant SUSSEX'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

63. Defendant SUSSEX'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payments of claims and a violation of the TEX. INS. CODE§542.055.

64. Defendant SUSSEX'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE§542.056.

65. Defendant SUSSEX'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE§542.0528.

COUNTY COURT * COUNTY OF HIDALGO TEXAS *
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: [signature] Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

66. Defendant SUSSEX'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

67. Defendant SUSSEX'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, SUSSEX knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**FRAUD**

68. Defendant SUSSEX is liable to Plaintiffs for common law fraud.

69. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as it did, and which Defendant SUSSEX knew were false or made recklessly without any knowledge of their truth as a positive assertion.

70. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

**KNOWLEDGE**

71. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

**CAUSES OF ACTION:**

**CAUSES OF ACTION AGAINST PALOMAR**

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: [signature]
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

CL-16-2428-A

72. Defendant PALOMAR is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

**BREACH OF CONTRACT**

73. Defendant PALOMAR'S conduct constitutes a breach of the insurance contract made between Defendant PALOMAR and Plaintiff.

74. Defendant PALOMAR'S failure and refusal, as described above, to pay the adequate compensation as obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of PALOMAR'S insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**UNFAIR SETTLEMENT PRACTICES**

75. Defendant PALOMAR'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(A). All violations under this article are made actionable by TEX. INS. CODE §541.151.

76. Defendant PALOMAR'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

77. Defendant PALOMAR'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant PALOMAR'S liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice

COUNTY COURT * COUNTY OF HIDALGO, TEXAS *
Date: 7/12/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

in the business of insurance. TEX. INS. CODE §541.060(2)(A).

78. Defendant PALOMAR'S unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

79. Defendant PALOMAR'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(4).

80. Defendant PALOMAR'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

81. Defendant PALOMAR'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

82. Defendant PALOMAR'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payments of claims and a violation of the TEX. INS. CODE§542.055.

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

CL-16-2428-A

83. Defendant PALOMAR'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE§542.056.

84. Defendant PALOMAR'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE§542.0528.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

85. Defendant PALOMAR'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

86. Defendant PALOMAR'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, PALOMAR knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**FRAUD**

87. Defendant PALOMAR is liable to Plaintiffs for common law fraud.

88. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as it did, and which Defendant PALOMAR knew were false or made recklessly without any knowledge of their truth as a positive assertion.

89. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: [signature]
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

## KNOWLEDGE

90. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## CAUSES OF ACTION AGAINST WELLINGTON

91. Plaintiff re-alleges the foregoing paragraphs.

92. At all pertinent times, the adjuster defendant or "third party administrator", WELLINGTON, was engaged in the business of insurance as defined by the Texas Insurance Code.

93. The acts and omissions of WELLINGTON and its agents constitute one or more violations of the Texas Insurance Code.

94. More specifically, the ADJUSTER DEFENDANT WELLINGTON has, among other violations, violated the following provisions of the Code:

1) Insurance Code §542.003(b)(5) and 28 TAC 21.203(5).

2) Insurance Code §541, §541.060 by, among other things:

- Misrepresenting one or more material facts and/or policy provisions relating to coverage;
- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonable clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;
- Failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: [signature]
Deputy Clerk
COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

- Refusing to affirm or deny coverage within a reasonable time;
- Refusing to conduct a reasonable investigation;
- Ignoring damage known to be covered by the Policy; and/or
- Conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANTS, SUSSEX and PALOMAR, with a basis to underpay the claim.

95. The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANTS, SUSSEX and PALOMAR, assigned the losses and claims, individually and respectfully, to WELLINGTON, who was at all pertinent times the agent of the INSURANCE DEFENDANTS, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANTS.

96. ADJUSTER DEFENDANT WELLINGTON inspected Plaintiffs' property. During the inspection, WELLINGTON was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including determining the cause of and then quantifying all of the damage done to Plaintiffs' property. During the inspection, WELLINGTON ignored covered damages to the Property and refused to address all of the damages caused by the loss. Subsequent to the inspection, WELLINGTON prepared a repair estimate, which vastly under-scoped the actual covered damages to the property, thus demonstrating WELLINGTON did not conduct a thorough investigation of the claim.

97. Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, WELLINGTON failed and refused to properly adjust the claim. WELLINGTON failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Valerio
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

to requests for information from the Plaintiffs, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and filed to timely and properly report to the INSURANCE DEFENDANTS, SUSSEX and PALOMAR, and make recommendations to the INSURANCE DEFENDANTS to address all the covered damages.

98. The Plaintiffs provided information regarding the loss and the claim to the ADJUSTER DEFENDANT WELLINGTON. The Plaintiffs allowed WELLINGTON full and complete access to the property. The Plaintiffs provided sufficient information to the WELLINGTON to adjust and evaluate the loss. The Plaintiffs made inquiries regarding the status of the loss and payment, but WELLINGTON failed and refused to respond to the inquiries and failed to properly adjust the claim and loss. As a result of the WELLINGTON'S inadequate and outcome-oriented investigation, to date, Plaintiffs have not received full payment for the claim.

99. WELLINGTON'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiffs.

100. WELLINGTON is liable to Plaintiffs for common law fraud.

101. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which WELLINGTON knew were false or made recklessly without any knowledge of their truth as a positive assertion.

102. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office
By: [signature]
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office



## NEGLIGENT MISREPRESENTATION

103. ADJUSTER DEFENDANT WELLINGTON is liable to Plaintiffs for negligent misrepresentation.

104. For each and every one of the representations, as described above, WELLINGTON provided in the course of its business, in which it had a pecuniary interest. WELLINGTON did not exercise reasonable care or competence in obtaining information communicated with Plaintiffs. WELLINGTON provided estimations that were false. WELLINGTON did not exercise reasonable care or competence in obtaining information communicated with Plaintiffs. Plaintiffs would not have acted as it did.

105. The statements and information were made without reasonable care or competence that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting negligent misrepresentation.

106. Where statements were made by WELLINGTON, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damages to the Plaintiffs, Plaintiffs have suffered damages including, without limitation: actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

## DAMAGES

107. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

108. As previously mentioned, the damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiffs. These damages are a direct



COUNTY COURT * COUNTY OF HIDALGO, TEXAS *
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

result of Defendants SUSSEX and WELLINGTON'S mishandling of Plaintiffs' claim in violation of the laws set forth above.

109. As previously mentioned, the damages caused by the water damage have not been properly addressed or repaired in the months since the claim was opened, causing further damages to the Property and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants PALOMAR and WELLINGTON'S mishandling of Plaintiffs' claim in violation of the laws set forth above.

110. For breach of contract, Plaintiffs are entitled to regain the amount of its claim, together with attorney's fees.

111. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policies, individually and respectively, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three (3) times its actual damages. TEX. INS. CODE. §541.152.

112. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

113. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

114. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS

Date: 7/8/16

I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office

By: Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

115. For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

116. Plaintiffs hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas. Plaintiffs hereby tenders the appropriate jury fee.

**REQUEST FOR DISCLOSURES**

117. Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANTS and ADJUSTER DEFENDANT provide the information required in Requests for Disclosure.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that upon trial hereof, said Plaintiffs have and recovers such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum which is $100,000 or less. In addition, Plaintiffs request that award of attorney's fees for the trial and any appeal of this case, for all costs of Court in her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to

COUNTY COURT ★ COUNTY OF HIDALGO, TEXAS ★
Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk, hereby certify that this is a true and correct copy of the original document filed in my office.
By: Valerio
Deputy Clerk

Accepted by: Ester Espinoza

Electronically Submitted
6/6/2016 5:25:43 PM
Hidalgo County Clerks Office

which it may show itself to be justly entitled.

Respectfully submitted,

**LAW OFFICE OF ANDRE MALDONADO**
209 East University Drive
Edinburg, Texas 78539
(956) 381-4600
(956) 381-4160 (fax)

*/s/ A. Andre Maldonado*
A. Andre Maldonado
State Bar No. 24092750
maldonadolaw@yahoo.com
**ATTORNEY FOR PLAINTIFFS**

COUNTY COURT, COUNTY OF HIDALGO, TEXAS

Date: 7/8/16
I, Arturo Guajardo, Jr. County Clerk hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **EPIFANIO AND IRMA N. GOMEZ Plaintiffs,** | § § § | |
| **v.** | § § | **CIVIL ACTION NO.__________ JURY DEMANDED** |
| **SUSSEX INSURANCE COMPANY, PALOMAR SPECIALITY INSURANCE COMPANY AND WELLINGTON INSURANCE COMPANY** | § § § § | |
| **Defendants** | | |

---

**VERIFICATION**

---

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Mikell A. West, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Mikell A. West. I am one of the Attorneys of Record for Defendants Sussex Insurance Company, Palomar Specialty Insurance Company and Wellington Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. Attached hereto as 'Exhibit 1' is a true and correct copy of Defendants Sussex Insurance Company's, Palomar Specialty Insurance Company's and Wellington Insurance

Company's Original Answer and Plea in Abatement filed with the Hidalgo County District Clerk in Cause No. CL-16-2428-A on July 11, 2015. Attached hereto as 'Exhibit 2' is a true and correct copy of Defendants Sussex Insurance Company's, Palomar Specialty Insurance Company's and Wellington Insurance Company's Demand for Jury filed with the Hidalgo County District Clerk in Cause No. CL-16-2428-A on July 11, 2015. These factual statements are within my personal knowledge, and are true and correct."

Further affiant sayeth not.

Mikell A. West

SUBSCRIBED AND SWORN TO BEFORE ME by Mikell A. West on this the 13th day of July, 2016, to certify which witness my hand and official seal.

NOTARY PUBLIC
STATE OF TEXAS
NORA G. RODRIGUEZ
My Commission Expires
February 03, 2019

Notary Public, in and for the
State of Texas

CAUSE NO. CL-16-2428-A

| | | |
|---|---|---|
| EPIFANIO AND IRMA N. GOMEZ | § | IN THE COUNTY COURT OF |
| | § | |
| V. | § | AT LAW NO. 1 |
| | § | |
| SUSSEX INSURANCE COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY and WELLINGTON INSURANCE COMPANY | § § § § | HIDALGO COUNTY, TEXAS |

**DEFENDANTS SUSSEX INSURANCE COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY AND WELLINGTON INSURANCE COMPANY'S ORIGINAL ANSWER AND PLEA IN ABATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, SUSSEX INSURANCE COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY AND WELLINGTON INSURANCE COMPANY, Defendants in the above-styled and numbered cause, and makes and files this, their verified original answer in reply to Plaintiffs' Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations contained within Plaintiffs' Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendants deny the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendants deny that the following has occurred:

a. that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after



agreement is reached on the amount of loss or an appraisal award has been made; and

b. that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

Pleading further and without waiver of the above, Defendants request that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Pursuant to Tex.R.Civ.P. 93, Defendant Wellington Insurance Company denies that it issued an insurance policy for the house or the loss set out in the Plaintiffs' petition.

5.

**PLEA IN ABATEMENT**

A. In Plaintiffs' Original Petition, Plaintiffs have also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B. Defendants Palomar Specialty Insurance Company and Wellington Insurance Company have not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.     Accordingly, Defendants Palomar Specialty Insurance Company and Wellington Insurance Company are entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

6.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

7.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants hereby give actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

8.

Requests for Disclosure

At the time required by law or the Rules, this Defendants request the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing hereof, that Plaintiffs not recover against Defendants and that Defendants go hence with their costs without day and for such other and further relief, at law or in equity, to which Defendants may justly show themselves entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: ______________________
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANTS SUSSEX INSURANCE COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY AND WELLINGTON INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I, Thomas F. Nye, hereby certify that on the 11th day of July, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintifs*
A. Andre Maldonado
Law Office of Andrew Maldonado
Email: maldonadolaw@yahoo.com

**VIA E-FILING**

Thomas F. Nye

## VERIFICATION OF MICHAEL RAMIREZ

THE STATE §
§
OF TEXAS §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Michael Ramirez, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Michael Ramirez. I am an Authorized Agent for Palomar Specialty Insurance Company and Wellington Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 4. and 5B of Defendants' Original Answer and it is true and correct."

Further affiant sayeth not.

Michael Ramirez, Authorized Agent for Palomar Specialty Insurance Company and Wellington Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 7th day of July, 2016, to witness my hand and official seal of office.

SUSAN STONE

Susan Stone
Notary Public in and for
the State of Texas

CAUSE NO. CL-16-2428-A

| | | |
|---|---|---|
| EPIFANIO AND IRMA N. GOMEZ | § | IN THE COUNTY COURT OF |
| | § | |
| V. | § | AT LAW NO. 1 |
| | § | |
| SUSSEX INSURANCE COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY and WELLINGTON INSURANCE COMPANY | §<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |

**DEFENDANTS' DEMAND FOR JURY**

COME NOW, SUSSEX INSURANCE COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY AND WELLINGTON INSURANCE COMPANY, Defendants in the above-referenced cause, and demand a trial by jury. The jury fee has previously been paid by the Plaintiffs

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: Thomas F. Nye
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier

EXHIBIT
tabbies
2

bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANTS SUSSEX INSURANCE COMPANY, PALOMAR SPECIALTY INSURANCE COMPANY AND WELLINGTON INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I, Thomas F. Nye, hereby certify that on the 11th day of June, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
A. Andre Maldonado
Law Office of Andrew Maldonado
Email: maldonadolaw@yahoo.com

**VIA E-FILING**

Thomas F. Nye